Stephen and Carolyn Fore appeal from a summary judgment in favor of Dr. Charles Brown on Mr. Fore's medical malpractice claim and Mrs. Fore's loss of consortium claim.
In preparing Mr. Fore for gallbladder surgery, Dr. Burch, Mr. Fore's attending physician, performed an upper gastrointestinal series of tests that revealed an "irregularity" in Mr. Fore's lower esophagus. Recognizing the possibility that this "irregularity" could be cancer, Dr. Burch had an esophagogastroduodenoscopy performed. This is a diagnostic procedure whereby a flexible, lighted, tube-like scope is passed through the esophagus and the stomach and into the upper intestine to allow the physician to examine the subject area. Mr. Fore was admitted into Mobile Infirmary, and Dr. Burch associated Dr. Charles H. Brown to perform the procedure.
Dr. Brown discussed the procedure with Mr. Fore, and told him that the risk of perforation of the esophagus during the procedure was approximately 1 in 10,000, and that complications rarely occurred.
During the esophagogastroduodenoscopy, Dr. Brown discovered a stricture, which is an area of the esophagus that is narrowed by scar tissue. Dr. Brown, believing that the stricture had to be opened before Mr. Fore's gallbladder could be removed, performed a dilation, a procedure whereby a tapered plastic device is inserted into the esophagus to expand it. The risk of perforation of the esophagus during a dilation procedure is increased to 1 in 100. Dr. Brown did not, at any time, discuss the dilation procedure with Mr. Fore.
Later the same day, after the procedure was completed, and while he was still in hospital, Mr. Fore began experiencing severe pain while eating. It was discovered that he had a perforation in his lower esophagus that required emergency surgery.
Mr. Fore filed suit against Mobile Infirmary and Dr. Brown, on September 4, 1986, alleging negligence. Mrs. Fore filed suit for her loss of consortium as a result *Page 956 
of the injury to her husband. Pursuant to a pro tanto settlement, Mobile Infirmary was dismissed with prejudice. Dr. Brown filed a motion for summary judgment, which was granted on June 24, 1988. The Fores appealed.
The sole issue argued on this appeal is whether summary judgment was proper on Mr. Fore's claim that Dr. Brown was negligent in failing to obtain his informed consent before performing the dilation procedure on him.
We hold that it was not.
In Fain v. Smith, 479 So.2d 1150 (Ala. 1985), this Court adopted the objective standard for determining causation in a cause of action for negligent failure to obtain a patient's informed consent. This objective standard requires the fact-finder to consider whether a reasonable person with all the characteristics of the patient would choose to undergo the procedure with knowledge of the risk involved. Furthermore, the testimony of the patient, notwithstanding hindsight, is material and relevant and is entitled to be considered by the jury.
For summary judgment to be appropriate, the moving party must demonstrate that there is no genuine issue as to any material fact, and that he is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.
In his affidavit in opposition to Dr. Brown's motion for summary judgment, Mr. Fore stated:
 "In all candor, I do not know whether or not I would have consented to the dilation had anybody mentioned it to me. I am sure that I would like to have known what the risks were before making such a decision. I did not know Dr. Brown, did not go to him for any treatment, and would have wanted further recommendations by doctors I knew and trusted before making any decision on the dilation. Further, had Dr. Brown recommended the dilation, I am certain that I would have wanted a second opinion before agreeing to it. That is what I was referring to in my deposition when I stated on pages 27 and 37-39 that I didn't know whether I would have consented to the dilation had I been informed of it in advance.
 "I understand that the Defendant has taken one statement on page 27 and another on page 39 out of context to indicate that I would have consented to the dilation had I been informed of the risks. However, what I was referring to was that, if doctors in whom I had trust had told me of the dilation in advance, had told me of the risks involved, and had recommended it, I probably would have consented to it. I know that I would not have accepted nor rejected a recommendation of dilation made solely by Dr. Brown. I would have wanted a second opinion. That is what I was trying to get across in my answers on the deposition."
An issue of fact exists as to whether Mr. Fore would have consented to the dilation procedure. Further, it remains a question of fact whether a reasonable person with Mr. Fore's characteristics would have consented to undergo the procedure under the circumstances, with knowledge of the risks involved.
We hold, therefore, that summary judgment was improper in this case, and we reverse the judgment and remand the cause for a trial on the merits.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.